

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Abner L. Lewis
Head of Charter Division
Office of Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-6078
Re: Under the permit granted to
it, does the Texas Gulf Pro-
ducing Company have the right
to carry the oil belonging to
it and/or the oil belonging
to others for which charges
are made, or is it necessary
that a separate subsidiary
corporation be formed to han-
dle such pipe line operations?

We have your favor of the 1st inst. requesting our
opinion on the above matter. We quote from your request as
follows:

"We are handing you herein telegraphic file
had with the Texas Gulf Producing Company, Mr.
W. H. Hendrickson, Secretary-Treasurer, relative
to certain rights in connection with purposes
granted by the State in permit to do business
in this state from the 11th day of April, 1941.

"Will you please advise this department
whether or not the Texas Gulf Producing Company
under the permit granted have the right to oper-
ate carrying the oil belonging to said corpora-
tion and/or also oil from others for which
charges are made or whether separate subsidiary
or corporation must be formed to handle such
pipe line operations.

"You will observe that this corporation in
their permit have not invoked the powers of Chap-
ter 15 of the Revised Civil Statutes.

". . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

331

We also note from the file enclosed with your request and which we herewith return that the Texas Gulf Producing Company was granted a permit to transact the following business:

"To locate, purchase, lease or otherwise acquire and to sell, mortgage or otherwise dispose of lands containing, or believed to contain, petroleum, oil or natural gas or either of them; to purchase, produce, refine, sell and distribute natural gas, petroleum and all products or by-products thereof; to contract for the drilling of wells for the production of oil, gas or other minerals and to own and operate drilling rigs, machinery and appliances necessary for the drilling of wells, and in general to carry on any other business in connection with the foregoing, whether manufacturing or otherwise, and to have and to exercise all the powers conferred by the laws of Delaware upon corporations organized to do the things as set forth herein and other related things."

Article 1529 of the Revised Civil Statutes of Texas provides for the granting of a permit to do business in Texas to a foreign corporation, and that "if such corporation is created for more than one purpose, the permit may be limited to one or more purposes". Article 1532 provides that "such corporations, on obtaining such permit, shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State". Article 1302 sets forth the purpose for which private corporations may be formed.

Subdivision 36 of Article 1302 provides in part as follows:

"36. To store, transport, buy and sell oil, gas, salt, brine and other mineral solutions and liquified minerals; . . ."

Subdivisions 37 and 38 of Article 1302 are as follows:

"37. To establish and maintain an oil business with authority to contract for the lease and

Honorable Abner L. Lewis, Page 3

purchase of the right to prospect for, develop and use coal and other minerals, petroleum and gas; also the right to erect, build and own all necessary oil tanks, cars and pipes necessary for the operation of the business of the same."

"38. To establish and maintain a drilling business, with authority to own and operate drilling rigs, machinery, tools and apparatus necessary in the boring, or otherwise sinking of wells in the production of oil, gas, or water, or either, and the purchase and sale of such goods, wares and merchandise used for such business."

Articles 1495-1507 provide for corporations to store, transport, buy and sell oil, gas, etc.

Article 1495 provides as follows:

"This Chapter embraces corporations created for the purpose of storing, transporting, buying and selling oil, gas, salt brine and other mineral solutions and liquified minerals; also sand and clay for the manufacture and sale of clay products; and the production of oil and gas."

Article 1496 provides in part as follows:

"Such corporations shall have power:

"1. To store and transport oil, gas, brine and other mineral solutions and liquified minerals, and also sand, clay and clay products, and to make reasonable charges therefor.

"2. To buy, sell and furnish oil and gas for light, heat and other purposes; to lay down, construct, maintain and operate pipe lines, tubes, tanks, pump stations, connections, fixtures, storage houses and such machinery, apparatus, devices and arrangements as may be necessary to operate such pipes and pipe lines between different points in this State.

". . . .

Honorable Abner L. Lewis, Page 4

"4. To own, hold, use and occupy such lands, right of way, easements, franchises, buildings and structures as may be necessary to the purposes of such corporation."

Article 1499 provides as follows:

"Such corporation may also engage in the oil and gas producing business, prospecting for and producing oil and gas and owning and holding lands, leases and other property for said purposes and subject to the provisions of Chapter 4 of this title. No corporation shall exercise these powers while owning or operating oil pipe lines in this State."

Article 1500 provides as follows:

"Any corporation heretofore or hereafter organized under this chapter, and owning or operating oil pipe lines in this State, shall separately incorporate such oil lines, with the consent of a majority in amount of its stockholders and subject to the restrictions hereinafter imposed, whereupon, in addition to other powers which it may possess, it shall then acquire the right and power to engage in said oil and gas producing business."

Article 1501 provides as follows:

"Such separate incorporation shall be accomplished by the organization of another pipe line corporation under this chapter and the sale and conveyance to it of such oil pipe lines of the organizing company. In case of the ownership also of oil pipe lines beyond the borders of this State, additional pipe line corporations may be organized outside of this State, and such oil pipe lines located outside of Texas may be sold and conveyed to them. In every case herein provided for, the organizing company may subscribe for and own the capital stock of the organized pipe line corporation without being precluded from engaging in said oil and gas producing business."

Article 1502 provides as follows:

"In lieu of engaging directly in the oil and gas producing business in any State or country,

a corporation organized under this chapter and
authorized to engage in said producing business
may own the stock of other corporations engaged
therein, provided that it shall not own the stock
of more than one producing corporation, or one
pipe line corporation, organized under the laws
of this or any other single State. No corpora-
tion organized in any other state or country shall
be permitted to own or operate oil pipe lines or
engage in the oil producing business in this State
when the stock of such corporation is owned in
whole or in part by a corporation organized under
this chapter."

Article 1503 provides as follows:

"Nothing in this chapter shall preclude the
ownership or operation by any corporation, of
private pipe lines in and about its refineries,
fields or stations, even though such corporation
may be engaged in the producing business."

It is evident that the permit to do business in
Texas granted to the Texas Gulf Producing Company was grant-
ed under the above quoted statutes, but, under Article 1532
above quoted, as well as the construction placed thereon by
the courts of this State, a foreign corporation's rights
shall not also include rights that are not grantable to
domestic corporations, therefore, it is necessary to con-
sider what rights can be granted to domestic corporations
relative to the matters contained in your inquiry.

It will be noted that Article 1499 above quoted
provides in part:

". . . No corporation shall exercise these
powers while owning or operating oil pipe lines
in this State."

The powers referred to in this quotation are those
contained in the preceding part of said Article, viz., "engage
in the oil and gas producing business, prospecting for and
producing oil and gas and owning and holding lands, leases
and other property for said purposes and subject to the pro-
visions of Chapter 4 of this Title."

Honorable Abner L. Lewis, Page 6

Under the above statutes, therefore, it is the opinion of this department that the Texas Gulf Producing Company does not have the right under the permit granted to it to operate a pipe line for hire as inquired about, and that, if it desires to engage in the business of owning and operating a pipe line for hire in this State, it will be necessary for it to comply with the provisions contained in said Articles 1499 to 1503, inclusive.

Trusting this satisfactorily answers your inquiry, we are

APPROVED FEB 19, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN